[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION RE: MOTION TO TERMINATE ALIMONY
The defendant has filed a post-judgment motion to terminate alimony. A hearing on this motion was held on March 11, 2002.
The parties' marriage was dissolved by the court (Zarella, J.) on September 29, 1997. The parties signed a written dissolution agreement on that date. The terms of that agreement were incorporated by reference into the judgment and made orders of the court.
Pursuant to the judgment, the defendant was ordered to pay periodic alimony to the plaintiff in the amount of $75.00 per week for twelve years following the date that either party vacated the marital home in Andover, Connecticut. The judgment also provided as follows:
 "Said periodic alimony shall be non-modifiable as to amount and duration except in the event of remarriage of the Wife or cohabitation as defined by statute. In the event of the death of Wife prior to the termination of said periodic alimony as provided above, then the Husband shall have no further liability for payment of said periodic alimony."
In his January 21, 2002 motion to terminate alimony, the defendant alleged that the plaintiff has been cohabitating with a male. Pursuant to Connecticut General Statute § 46b-86 (b), the defendant contends that his alimony payments should be reduced or terminated because the plaintiff's living arrangement has resulted in a change of circumstances which has altered her financial needs.
 FACTUAL FINDINGS
At the outset of the hearing, the plaintiff and the defendant entered into a stipulation of fact. The parties stipulated that the plaintiff has CT Page 3273 been living with a male friend in close personal relationship since August 2001. This relationship has been ongoing for approximately two years, and has been described by both of the participants as "serious".
The apartment where the plaintiff now resides has been rented by her male friend for approximately six years. The current monthly rental payment is $575.00. The plaintiff is not on the lease, and is not legally obligated to pay rent to the landlord.
The plaintiff has voluntarily reimbursed her friend for one-half of the monthly rental amount ($287.50) since last August. She has not yet paid her share of the rent for March.
There is no written agreement between the plaintiff and her friend concerning the sharing of the monthly rental expense. The plaintiff's friend testified at hearing that he would not seek to have the plaintiff removed from the premises if she failed to reimburse him for her share of the rent. The court attaches significance to that testimony, and finds it to be evidence of the close and serious relationship which exists between the plaintiff and her friend.
At the time of dissolution, the plaintiff had total net weekly income of $317.00, and paid $288.00 per week toward the mortgage on the marital home where she resided. Her total expenses were then $597.00 per week. The family home was subsequently sold and the plaintiff relocated to an apartment in Hebron. Her monthly rent there was $695.00 per month ($161.00 per week). The plaintiff resided in the Hebron apartment until last August, when she commenced living with her friend.
The plaintiff's current financial affidavit indicates that her total net weekly income (excluding the $75.00 per week which she receives in alimony payments from the defendant) is $411.00. The current affidavit states that that the plaintiff pays weekly rent of $112.00, and has total expenses of $632.00 per week. However, the court finds that the rent and overall expense figures are erroneous. The plaintiff testified at hearing that she pays one-half of the monthly rental, which is $287.50 per month, or $66.86 per week. Accordingly, the weekly rental figure of $112.00 on the affidavit is incorrect and the plaintiff's total weekly expenses are $565.14, and not $632.00 per week.
 DISCUSSION
Connecticut General Statutes § 46b-86b provides:
"In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or CT Page 3274 wife in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with a person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."
Our Supreme Court has addressed the applicability of that statute in cases such as the one at bar.
"Section 46b-86 does not use the word cohabitation. The legislature instead chose the broader language of living with another person rather than cohabitation. Because, however, living with another person without financial benefit did not establish sufficient reason to refashion an award of alimony under General Statutes § 46b-81, the legislature imposed the additional requirement that the party making alimony payments prove that the living arrangement has resulted in a change of circumstances that alters the financial needs of the alimony recipient." (Internal quotation marks omitted, internal citation omitted). DiMariav. DiMaria, 247 Conn. 715, 720 (1999).
Although the parties have stipulated that the plaintiff and her male friend have lived together since August 2001, they disagree over whether or not those living arrangements have altered the plaintiff's financial needs.
The plaintiff contends that she continues to maintain herself financially ". . . and receives no financial benefits . . . other than an indirect benefit that would be provided by sharing living quarters with any roommate." (Plaintiff's Summary of Law). The plaintiff argues that although the amount she pays for rent may be lower, her overall financial circumstances have not been improved by her current living arrangement.
The court is not persuaded. The evidence and court records established that at the time of dissolution, the plaintiff paid $288.00 per week on her mortgage. She subsequently paid $695.00 per month ($161.00 per week) on the rental unit where she resided prior to living with her friend. The plaintiff's rent payment is now $287.50 per month, or $66.86 per week. Her overall expenses have dropped from $597.00 per week at the time of dissolution to $565.00 at the present time. CT Page 3275
Based on all of the evidence presented, the court finds that the plaintiff's rent and utility expenses have been significantly diminished as a direct result of her current living arrangement. Her overall expenses are presently $32.00 per week less than they were on the date of dissolution. The court also notes parenthetically that the plaintiff's present net weekly income is now $94.00 per week more than it was on September 29, 1997.
The court finds based upon a preponderance of the evidence that the plaintiff's current living arrangement has resulted in a change in her circumstances that has favorably altered her financial needs.
Having considered all of the evidence and the equities in. this matter, the court finds that the periodic alimony payment by the defendant to the plaintiff should be terminated.
Accordingly, the defendant's motion to terminate alimony is herebyGRANTED, effective this date.[1]
The plaintiff's motion for counsel fees, dated February 13, 2002, is hereby DENIED.
SO ORDERED.
BY THE COURT
 ____________________________ DYER, J.